**Barbara D. YOUNG, Executrix under the Last Will and Testament of Ethel H. Director, Deceased,**

v.

**UNITED STATES of America.**

**No. 74–1145.**

United States District Court,
District of Columbia,
Civil Division.

Feb. 4, 1975.

Dexter M. Kohn, Washington, D. C., for plaintiff.

Gregory R. Schwandt, Dept. of Justice, Washington, D. C., for defendant.

## MEMORANDUM OPINION

JOHN H. PRATT, District Judge.

This is a dispute between an executrix of an estate and the Internal Revenue Service over the deductibility on a federal estate tax return of claims against plaintiff's decedent's estate. The precise issue is whether claims paid as the result of a special bond or undertaking [1] and enforceable under D. C. law against a decedent's estate are claims within the meaning of Internal Revenue Code § 2053,[2] as interpreted by Treasury Regulation § 20.2053-4.[3] This appears to be a case of first impression. The parties to this action have stipulated to all material facts and have filed cross-motions for summary judgment. Accordingly, this case is ripe for summary judgment.

Mrs. Young, the plaintiff, is executrix of her mother's (decedent's) estate. Previously, decedent was the nominated and acting executrix for the estate of her husband who died on July 22, 1967 domiciled in the District of Columbia. In his Last Will and Testament the husband bequeathed four legacies totalling $30,000, consisting of $5,000 to each of his two daughters (one of which is plaintiff), and two legacies of $10,000 each in trust to plaintiff and her husband for two grandsons. Most of the husband's assets at his death were jointly owned with the decedent. The value of the assets in the husband's probate estate was $9,850.58, an amount insufficient to pay these bequests. The decedent, as executrix of her husband's estate, applied for a special undertaking under 20 D.C.Code § 304, which bond was approved January 23, 1968 whereby she assumed personal liability for the full amount of all debts, claims, damages

and legacies of her husband's estate that might be recovered against her as executrix as if she were sued in her own right. Had decedent obtained a general bond in the District of Columbia probate proceedings, the bequests would have lapsed because of insufficient assets in the husband's estate unless she honored them out of her husband's assets which passed outside the probate estate. Because of the special bond, decedent was obligated to pay, *inter alia*, these specific bequests totalling $30,000.

Prior to payment of her husband's bequests, decedent died. On October 22, 1969, plaintiff, because of the special bond undertaking by her mother as executrix, proceeded to satisfy the bequests of her father from assets in the estate of her mother. The plaintiff claimed credit and allowance for these payments as debts of the decedent on the First Account filed in decedent's estate, and these credits and allowances were approved by the U. S. District Court for the District of Columbia on July 6, 1970.

In filing the federal tax return for decedent's estate, the plaintiff took a deduction of the $30,000 in bequests as a debt of decedent at the time of her death. The Commissioner of Internal Revenue disallowed this deduction, correspondingly increasing the taxable probate estate of decedent. After filing a protest with the Internal Revenue Service, which was denied, plaintiff paid the additional tax plus interest. The present action for refund [4] seeks recovery of the sum of $7,036.97, plus interest, which amount plaintiff attributed to the disallowance of the $30,000 claimed deduction.

The applicable statute and regulations read in pertinent part as follows:

Section 2053 of the Internal Revenue Code (IRC) provides that:

for purposes of the tax imposed by section 2001, the value of the taxable

1. The words "bond" and "undertaking" are used interchangeably.

2. 26 U.S.C. § 2053.

3. 26 C.F.R. § 20.2053-4.

4. *See* 26 U.S.C. § 7422.

estate shall be determined by deducting from the value of the gross estate such amounts . . .

(3) for claims against the estate . . .

as are allowable by the laws of the jurisdiction, . . . under which the estate is being administered.

Treasury Reg. § 20.2053–4, entitled "Deduction for claims against the estate; in general," provides:

The amounts that may be deducted as claims against a decedent's estate are such only as represent personal obligations of the decedent existing at the time of his death, whether or not then matured, and interest thereon which had accrued at the time of death. Only interest accrued at the date of the decedent's death is allowable even though the executor elects the alternate valuation method under section 2032. Only claims enforceable against the decedent's estate may be deducted. Except as otherwise provided in § 20.2053–5 with respect to pledges or subscriptions, section 2053(c)(1)(A) provides that the allowance of a deduction for a claim founded upon a promise or agreement is limited to the extent that the liability was contracted bona fide and for an adequate and full consideration in money or money's worth. See § 20.-2043–1. Liabilities imposed by law or arising out of torts are deductible.

■ There can be no dispute that the bequests totalling $30,000 made by decedent's husband are claims enforceable against decedent's estate. Even if those claims were only inchoate by virtue of decedent's special bond undertaking, they were surely made enforceable by the Court's approval on July 6, 1970 of plaintiff's First Account. Were this case to be decided solely upon a literal reading of IRC § 2053, there would be no difficulty in holding for plaintiff, inasmuch as § 2053 provides that deductions from the gross estate include those "claims against the estate . . . as are allowable by the laws of the jurisdic-

tion . . . under which the estate is being administered," and the "promise" or "agreement" limitations of § 2053(c)(1)(A) are not applicable. This U. S. District Court on July 6, 1970 approved plaintiff's First Account listing the claims in dispute. Such approval of the First Account was clearly, then, a determination that the bequest claims were "allowable by the laws of the jurisdiction . . . under which the estate is being administered" within the meaning of § 2053.

Nevertheless, Treasury Reg. § 20.-2053–4, issued pursuant to Congressional delegation of authority is, as its title and number suggest, a regulation in interpretation of IRC § 2053. Plaintiff has not challenged this regulation as in excess of Congressionally delegated authority. Therefore, accepting for purposes of argument this regulation's validity, it becomes necessary to determine whether the claims in dispute meet the criteria of the regulation so as to be claims deductible from decedent's gross estate.

The regulation provides that "Liabilities imposed by law . . . are deductible." Defendant takes the position that the obligations assumed by the decedent are not "Liabilities imposed by law" because the obligations arose from a voluntary and wholly gratuitous special undertaking permitted by the District of Columbia probate law. Defendant's reasoning is that while the U. S. District Court's approval of plaintiff's First Account may have made the bequest claims enforceable against decedent's estate, the process which culminated in the court's approval was triggered by a wholly voluntary special bond undertaking and that the intent of both the relevant regulation and statute was to permit deductions only of claims which were obligatory "from the beginning" as it were.

■ Defendant's argument is unpersuasive for several reasons. First, the regulation makes no distinction between liabilities assumed voluntarily and those

assumed involuntarily. Nor does the regulation require that the liability must be imposed by law at the time the liability is undertaken. Certainly, decedent, as executrix under a special bond, and her estate after her death, would have been liable for a judgment against her husband, either in tort or contract, which liability at the time she filed the special bond was non-existent. The distinction as to liabilities is between those "imposed by law" and those not imposed by law. Decedent's liabilities were imposed by law.

Defendant would have the Court believe that, while not explicitly contemplating the situation here, Congress in enacting IRC § 2053 intended to preclude deduction of such claims. Even that is not evident. Presumably, part of Congress' intent in enacting § 2053 was to tax net estates, not gross estates. Defendant has made no attempt to show how permitting deduction of these claims would thwart such an intent. There is absolutely no indication that plaintiff's decedent, or plaintiff for that matter, has profited by decedent's undertaking a special rather than a general bond. Decedent may very well have had more to lose than to gain by filing a special bond.[5]

The beneficiaries of decedent's estate will derive no more benefit from this deduction than they would have if decedent had paid her husband's bequests during her life. Had decedent paid those bequests her assets would have been diminished by exactly the amount that deduction of these claims would diminish decedent's gross estate. There is nothing in decedent's choice of a special bond, nor anything else in the record, that smacks of tax avoidance.

For the foregoing reasons we hold that the bequests in issue are deductible

claims within the meaning of IRC § 2053 and Treasury Reg. § 20.2053–4, and we grant summary judgment for the plaintiff.

An order consistent with the foregoing has been entered this day.

---

5. The advantage of a special bond is that an inventory or accounting by the estate fiduciary is not required. 20 D.C.Code § 304 (1967 ed.) Its disadvantage is the assumption of personal liability by the fiduciary for all debts, claims, legacies and damages against the estate. *Id.* Thus, undertaking a

special bond is advisable only when the estate is small, the beneficiaries are few and the difficulty of defending against such claims is minimal. 1 Mersch, Probate Practice in the District of Columbia (2d ed.), § 1172.